IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Starr-Iva Water and Sewer District, | Civil Action No. 8:12-cv-2365-TMC |
| Plaintiff, | |
| vs. | **PLAINTIFF STARR-IVA'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON COLLATERAL ESTOPPEL** |
| City of Anderson, a Municipality, | |
| Defendant. | |

Plaintiff Starr-Iva Water and Sewer District ("Starr-Iva") respectfully submits this Response in Opposition to Defendant City of Anderson's ("the City" or "Defendant") Motion for Summary Judgment Based on Collateral Estoppel.

## BACKGROUND

On December 5, 2014, Defendant filed a Motion for Summary Judgment Based on Collateral Estoppel ("Motion"), contending that it was entitled to judgment as a matter of law on certain findings of fact and conclusions of law made by Circuit Court Judge R. Keith Kelly in the separate case *West Anderson Water District v. City of Anderson*, Civ. No. 2012-CP-04-02770 (Anderson, S.C.).[1]  *West Anderson* was a dispute between the West Anderson Water District and Anderson over the City's ability to provide potable water services to an industrial site for Michelin North America, Inc.  Starr-Iva was not a named party and did not have an interest in the *West Anderson* case.

In *West Anderson,* the West Anderson Water District sued the City regarding a second Michelin plant that was subsequently constructed on same property as the first Michelin plant

---

[1] This is the City's second Motion for Summary Judgment against Starr-Iva.  The City previously filed a Motion for Summary Judgment on July 10, 2013, ECF No. 50, which this Court denied. *See* ECF No. 71.

described in the 2002 Water Sale and Purchase Agreement (the "new Michelin plant"). West Anderson claimed that the City did not have the right under the 2002 Agreement to provide potable water service to the new Michelin plant. (*See* Judge Kelly's Order 1–2 (Sept. 22, 2014), attached as Ex. 2 to Pl.'s Mem. Supp. Mot. Summ. J., ECF No. 89-3.) West Anderson asserted no claims under federal law, since, unlike Starr-Iva, it apparently had no federally guaranteed debt. Judge Kelly ruled against West Anderson and held that under the terms of the Agreement, the City had the right to provide water to the new Michelin plant. *Id.* West Anderson has appealed the decision to the South Carolina Court of Appeals.

The 2002 Agreement allowed the City to provide water to two specific corporations in Starr-Iva's chartered territory, BASF and Owens-Corning. The parties' intent regarding the City's service to the two specific entities in Starr-Iva's chartered territory was explicitly set forth in the Agreement, which provided as follows:

> It is presently intended by the parties hereto that the City of Anderson will serve (1) two industries, BASF and Owens-Corning, located within the boundaries of Starr-Iva Water and Sewer District; and (2) the industrial facilities of Michelin, which are located within the boundaries of West Anderson Water District. Both Starr-Iva Water and Sewer District and West Anderson Water District consent to the City of Anderson's providing such service to these industries. However, **such consent is strictly limited to the provision of service to these named industrial customers** and no further provision of service by the City of Anderson shall be made to any customer located within the boundaries of Starr-Iva Water and Sewer District or within West Anderson Water District without the written consent of such Purchaser.

(emphasis added). West Anderson had the difficult burden to show that the new Michelin plant was not within the meaning of "the industrial *facilities* of Michelin" as described above. This particular turn of phrase has no application to the question of how the two customers located in Starr Iva's district should be treated. In addition to the application of different operative language in the contract, Starr Iva's case also involves two essentially different fact scenarios.

2

Starr Iva's claims stem from the arrival in its service area of a new named customer who while this case has been pending has torn down the former BASF buildings and built two new plants, with a third under construction. In the place of an antiquated carpet plant, which BASF and its successors operated, First Quality has now built both a paper products plant and a bottled water plant. There is nothing in Judge Kelly's Order which touches on how these facts apply to the particular language in the 2002 Agreement, which limits Starr Iva's consent to the City's service of the two expressly named industries - BASF and Owens-Corning. Judge Kelly's Order did involve Starr Iva's alternative argument of how the *Beaufort-Jasper* line of cases on unlawful delegation of a governmental function might apply to the 2002 Agreement. This issue is going to be on appeal for many years hence. But, at best, it only affects Starr-Iva's Owens-Corning claims which involve the same named customer and fiberglass plant that existed in 2002. However, since Starr-Iva was neither a party to the *West Anderson* case nor claiming an interest *through* West Anderson in privity with it, collateral estoppel does not apply to this case.

The City contends that because West Anderson also involved interpretation of the 2002 Agreement, its findings of fact have been "actually litigated and determined" and therefore, collateral estoppel, or issue preclusion, is directly applicable to these findings." (Pl.'s Mem. Supp. Mot. Summ. J. 8, ECF No. 89-1.) A close examination of the facts in question reveals that some of them may be good candidates for pre-trial stipulations, but in no way support untried conclusions of law in this case. The City's argument overlooks the significant factual and legal differences between this case and *West Anderson*, and is contrary to the well-established South Carolina law on collateral estoppel which applies to the analysis. Collateral estoppel does not bar Starr-Iva from litigating the facts or law of this case because it was not a party or in privity with a party in *West Anderson*. Further, as described above, the subject matter and issues in this

3

case are markedly different than those in the West Anderson dispute. Accordingly, summary judgment based on collateral estoppel is improper and the Defendant's Motion should be denied.

## ARGUMENT

"Federal courts must give the same preclusive effect to a state court judgment as the forum that rendered the judgment would have given it." *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008); *see Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415 (1980); *In re Ansari*, 113 F.3d 17, 19 (4th Cir. 1997). *West Anderson* is a South Carolina state court judgment, therefore, South Carolina law on collateral estoppel controls. *See Weston v. Margaret J. Weston Med. Ctr. Bd. of Dirs.*, No. 1:05-cv-2518-RBH, 2007 WL 2750216, at *1 (D.S.C. Sept.20, 2007).[2]

"The doctrine of res judicata embodies two distinct preclusion concepts: (1) claim preclusion; and (2) issue preclusion," also known as collateral estoppel. *Smith v. Bus. Dev. Corp.*, No. 0:10-255-JFA-JR, 2010 WL 3724736, at *4 (D.S.C. Aug. 24, 2010) (interpreting South Carolina law) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 376 n.1 (1985); *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n.1 (1984)). The doctrine of res judicata precludes certain claims or issues that have already been adjudicated from being relitigated in a subsequent lawsuit. *Migra*, 465 U.S. at 77 n.1. Collateral estoppel, specifically, prohibits "the relitigation of those issues actually and necessarily litigated and determined in the first suit . . . as to the parties and their privies in any subsequent action based upon a different claim." *Roberts v. Recovery Bureau, Inc.*, 316 S.C. 492, 495-96, 450 S.E.2d 616, 619 (Ct. App. 1994) (citing *Richburg v. Baughman,* 290 S.C. 431, 351 S.E.2d 164 (1986)).

To establish collateral estoppel, "the defendant must prove the following three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in

---

[2] All unpublished opinions are attached hereto as Exhibit A.

the former suit." *Smith*, 2010 WL 3724736, at *4 (citing *Riedman Corp. v. Greenville Steel Structures, Inc.,* 308 S.C. 467, 419 S.E.2d 217 (1992); *Sealy v. Dodge,* 289 S.C. 543, 347 S.E.2d 504 (1986)). South Carolina recognizes non-mutual collateral estoppel, i.e., collateral estoppel does not require both parties to be the same in the first and second actions "'where *the party against whom the estoppel is asserted* had a full and fair opportunity to previously litigate the issues.'" *Id.* at *5 (quoting *Snavely v. AMISUB of South Carolina, Inc.,* 379 S.C. 386, 398, 665 S.E.2d 222, 228 (Ct. App. 2008)) (emphasis added). However, "[w]here one is not a party to the prior action, the *only way [that party] can be precluded from relitigating an issue is if he is in privity with a party to the prior action against whom an adverse finding is made*." *Roberts*, 316 S.C. at 496, 450 S.E.2d at 619 (citing *Baughman*, 351 S.E.2d at 166) (emphasis added). Thus, collateral estoppel does not apply against a party who was not a party to or in privity with a party in the previous action. Even if privity were present, which it is not, the two cases do not involve the same subject matter. The necessary elements of collateral estoppel are therefore lacking, and Summary Judgment should be denied.

### A. Collateral Estoppel Does Not Apply Because Starr-Iva Was Not a Party to the Prior Suit Nor in Privity with West Anderson.

Collateral estoppel does not apply to bar Starr-Iva from litigating the facts and issues of this case because Starr-Iva was not a party to the *West Anderson* suit, and Starr-Iva was not in privity with West Anderson. The City contends that Starr-Iva and West Anderson are in privity because Starr-Iva "was aware" of the *West Anderson* litigation and "the issues in the [*West Anderson*] case centered around the Court's interpretation" of the 2002 Agreement. (*See* Pl.'s Mem. Supp. Mot. Summ. J. 4–6, ECF No. 89-1.) In this, the City grossly conflates the subject matter and party identity prongs of the collateral estoppel analysis. Merely because two cases

5

involve the same agreement does not mean that the parties in those cases are in privity with each other.

The City relies on *Roberts v. Recovery Bureau, Inc.* for its proposition that, "'[p]rivity' as used in the context of collateral estoppel, does not embrace relationships between persons or entities, but, rather deals with a person's relationship to the subject matter of the litigation." (Pl.'s Mem. Supp. Mot. Summ. J. 5 (quoting *Roberts*, 316 S.C. at 496, 450 S.E.2d at 619).) Far from supporting Defendant's position, *Roberts* is directly contrary to Defendant's assertion of the governing law.

> Privity is not established from the mere fact that persons may happen to be interested in the same question or in proving or disproving the same state of facts or because the question litigated was one which might affect such other person's liability as a judicial precedent in a subsequent action. One whose interest is almost identical with that of a party, but who does not claim through him, is not in privity with him. Due process prohibits estopping some litigants who never had a chance to present their evidence and arguments on a claim, despite one or more existing adjudications of the identical issue which stand squarely against their position.

*Roberts*, 316 S.C. at 496, 450 S.E.2d at 619.

The very cases cited by Defendant directly support a finding that Starr-Iva is not in privity with West Anderson Water District and, therefore, cannot be collaterally estopped by *West Anderson*. The two cases cited by Defendant, *Roberts v. Recovery Bureau, Inc.* and *Richburg v. Baughman*, clearly establish that even where factual and legal issues are "almost identical" in the subsequent action—a scenario drastically different than the instant case, as discussed *supra*—where the plaintiff in a subsequent action was not a party in the previous action and does not claim an interest through a party in the previous case, privity does not exist and collateral estoppel does not apply against the plaintiff. *Roberts*, 316 S.C. at 496, 450 S.E.2d at 619; *Baughman*, 290 S.C. at 434–35, 351 S.E.2d at 166 (1986).

In *Roberts*, a vehicle's passenger (Roberts) and its driver (Lovern), were involved in a car accident. The two separately sued the other driver, Recovery Bureau, alleging its truck caused the accident. *Id.* at 494, 450 S.E.2d at 618. Roberts and Lovern were not parties to each other's lawsuits. The two filed "virtually identical complaints" and were represented by the same attorney. *Id*. at 495, 450 S.E.2d at 618. The link between the suits was the same wreck and the issue of the whether the defendant caused the accident.

Lovern's case proceeded first and the jury found that defendant Recovery Bureau was not liable. *Id.* Subsequently, in Roberts' case, Recovery Bureau moved for summary judgment against Roberts, arguing that collateral estoppel precluded Roberts from litigating Recovery Bureau's liability, because the facts, evidence and law were "identical" in both cases. *Id.* at 495, 450 S.E.2d at 618. The trial court granted Recover Bureau's motion and held that "Roberts, although not a party to the Lovern trial, was in privity with Lovern on the issue of Recovery Bureau's liability." *Id.* The South Carolina Court of Appeals reversed the trial court and held Roberts was not in privity with Lovern and never had a full and fair opportunity to litigate the issue of Recovery Bureau's liability. *Id.* at 495, 450 S.E.2d at 619. The court stated, "While Roberts clearly has an interest almost identical to that of Lovern, she is *not in privity* with Lovern and due process precludes the use of collateral estoppel in this instance." *Id.* at 495-96, 450 S.E.2d at 619 (emphasis added).

Similarly, in *Richburg v. Baughman*, a girl was injured in a vehicle accident and both she and her father separately sued the defendant, both seeking actual and punitive damages. 290 S.C. 431, 432, 351 S.E.2d 164, 165 (1986). The father and daughter were not parties to the other's lawsuit. The daughter's suit proceeded to trial first and a jury awarded only actual damages. *Id.* at 433, 351 S.E.2d at 165. The plaintiff father separately sued the defendant driver

7

for recovery of his daughter's medical expenses and actual and punitive damages for the property loss to his vehicle. *Id.* Both parties moved for summary judgment based on collateral estoppel. The plaintiff father claimed the defendant was collaterally estopped from denying liability because of the jury's verdict in the suit brought by the plaintiff's daughter. *Id.* The defendant claimed the plaintiff father was collaterally estopped from recovering punitive damages since the jury had not awarded the plaintiff's daughter any punitive damages verdict. *Id.* The trial court granted the plaintiff father's motion for summary judgment as to actual damages, but denied the defendant driver's motion for summary judgment as to punitive damages. *Id.* The only issue on appeal was whether the trial court should have been collaterally estopped from receiving punitive damages because the jury found in the defendant driver's favor in the plaintiff's daughter's case. *Id.* at 433, 351 S.E.2d at 165–66. The South Carolina Supreme Court affirmed the trial court's ruling and held:

> "Some litigants-**those who never appeared in a prior action-may not be collaterally estopped without litigating the issue. They never had a chance to present their evidence and arguments on the claim.** Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position. **Since the father was neither a party in the previous action nor in privity with such a party, the prior verdict refusing punitive damages is not applicable to the father**. . . . The respondent in this case had never gotten his day in court. The trial court was correct in denying appellant's motion for summary judgment.

*Id.* at 434-35, 351 S.E.2d at 166 (citations omitted) (emphasis added).

The instant case is similar to the holdings in *Roberts* and *Baughman* and these holdings are controlling on this issue. Like *Roberts* and *Baughman*, the Defendant is a party both in the instant case and *West Anderson*, while the plaintiffs are unique – West Anderson was the plaintiff in the first case, Starr-Iva is the Plaintiff in this case. Defendant's contention that "Starr-Iva could and should have joined" in the *West Anderson* proceeding is no substitute for

8

the absence of privity between West Anderson Water District and Starr-Iva. (Pl.'s Mem. Supp. Mot. Summ. J. 6, ECF No. 89-1.)   The plaintiffs in both *Richburg* and *Roberts* also could have joined the earlier litigation and declined to do so.  Despite the possibility of joinder in both cases, each court found that there was no privity between the plaintiffs.   Even if joinder were permissible under the South Carolina Rules of Civil procedure, which is highly uncertain, availability of joinder is immaterial to the establishment of privity between West Anderson and Starr-Iva.

The City bases its argument that privity exists between the plaintiffs on the contention that the subject matter of the two suits are the same.  (Pl.'s Mem. Supp. Mot. Summ. J. 6, ECF No. 89-1.)   Starr-Iva disputes that the subject matter is the same in both cases.  But if the subject matter was the same, South Carolina law still does not support collateral estoppel.  Even where the plaintiffs' interests and the subject matter are "almost identical," privity does not exist where the plaintiff in the subsequent action is not claiming its interest *through the plaintiff* in the previous action.  *See Baughman*, 290 S.C. at 434-35, 351 S.E.2d at 166; *Roberts*, 316 S.C. 492, 496, 450 S.E.2d 616, 619 (Ct. App. 1994).   Due process prohibits estopping Starr-Iva from the "chance to present [its] evidence and arguments" in this case.  *Roberts*, 316 S.C. at 496, 450 S.E.2d at 619 (citing *Baughman*, 351 S.E.2d at 166).  Starr-Iva has not "gotten [its] day in court." *Baughman*, 290 S.C. at 434-35, 351 S.E.2d at 166.  Privity in party identity is required for collateral estoppel to apply against that party.  The City cannot demonstrate privity between Starr-Iva and West Anderson. Therefore, its Motion should be denied.

### B. Collateral Estoppel Does Not Apply Against Starr-Iva Because the Subject Matter and Issues in this Case Are Different Than the *West Anderson* Case.

In order for collateral estoppel to apply, there must be an identity of the subject matter. *Smith v. Bus. Dev. Corp.*, No. 0:10-255-JFA-JR, 2010 WL 3724736, at *4 (D.S.C. Aug. 24,

9

2010) (citing *Riedman Corp. v. Greenville Steel Structures, Inc.,* 308 S.C. 467, 419 S.E.2d 217 (1992); *Sealy v. Dodge,* 289 S.C. 543, 347 S.E.2d 504 (1986)). "If the primary right and duty and alleged wrong are the same in each action, there is an identity of subject matter." *Id.* at *5 (citations omitted). However, where the primary right, duty and alleged wrong are not the same in each action, there is no identity of subject matter. *Id.* Moreover, "[t]he party asserting collateral estoppel must demonstrate that the issue in the present lawsuit was (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment." *Id.* (citing *Beall v. Doe*, 281 S.C. 363, 369, n.1, 315 S.E.2d 189–190, n.1 (Ct. App. 1984)).

Even if Starr-Iva were in privity with West Anderson Water District, collateral estoppel does not apply because the subject matter in the instant case is not identical to the subject matter in *West Anderson*. This case involves different particular language in the 2002 Agreement. There is no reference pertaining to Starr Iva that relates to "the industrial facilities of Michelin" which drove the prior litigation. This case involves two different sets of facts not previously litigated: a new named customer with entirely new industries and facilities (First Quality) located on the real property previously owned by the named industry, BASF, and continuing service to the same plant and customer (Owens-Corning). Even if the contractual language were the same, which it is not, the *West Anderson* result at best informs the Court of a possible result on the latter question. It deals not at all with the factual question of Starr-Iva's existing water service to both of these customers located in its service area. It also does not examine the impact of the 2006 re-stated consent to service between the parties. Thus, the subject matter of the two suits intersects in limited aspects, but is far from identical.

Because the subject matter and issues are different in this case, Starr-Iva did not have a "full and fair opportunity to previously litigate the issues" and never had a chance to present its evidence and arguments. *See Snavely v. AMISUB of South Carolina, Inc.,* 379 S.C. 386, 398, 665 S.E.2d 222, 228 (Ct. App. 2008); *Recovery Bureau*, 316 S.C. at 495-96, 450 S.E.2d at 619 (citing *Richburg*, 351 S.E.2d at 166). Defendant has failed to demonstrate that the subject matter in the present litigation is the same as that decided in a prior adjudication. Accordingly, it cannot satisfy multiple required elements of res judicata, and its Motion for Summary Judgment should be denied.

## **CONCLUSION**

For the reasons set forth above, the Defendant's Motion for Summary Judgment should be denied. Further, even if collateral estoppel could be construed to apply, this Court still has the discretion to proceed with a timely trial of this matter. *See Carolina Renewal, Inc. v. S.C. Dep't Transp.*, 385 S.C. 550, 554, 684 S.E.2d 779, 782 (Ct. App. 2009) ("[E]ven if all the elements for collateral estoppel are met, when unfairness or injustice results or public policy requires it, courts may refuse to apply it."); *State v. Bacote*, 331 S.C. 328, 332, 503 S.E.2d 161, 163 (1998) (noting collateral estoppel "is grounded upon concepts of fairness" and "should not be rigidly or mechanically applied"); *Shelton v. Oscar Mayer Foods Corp.*, 325 S.C. 248, 252, 481 S.E.2d 706, 708 (1997) (refusing to apply collateral estoppel on public policy grounds). Based on the foregoing, the City's second Motion for Summary Judgment should be denied.

                NELSON MULLINS RILEY & SCARBOROUGH LLP

            By: s/Rivers S. Stilwell
                Rivers S. Stilwell
                Federal Bar No. 6271
                E-Mail: rivers.stilwell@nelsonmullins.com
                Sarah R. Anderson
                Federal Bar No. 11405
                E-Mail: sarah.anderson@nelsonmullins.com
                104 South Main Street / Ninth Floor
                Post Office Box 10084 (29603-0084)
                Greenville, SC  29601
                (864) 250-2300

            -and-

                William Norman Epps, Jr
                Federal Bar No. 728
                Epps Nelson and Epps
                Post Office Box 2167
                Anderson, SC 29622
                (864) 224-2111

            *Attorneys for Plaintiff Starr-Iva Water and Sewer District*

Greenville, South Carolina

January 5, 2015