IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Starr-Iva Water and Sewer District, | Civil Action No. 8:12-cv-2365-TMC |
| Plaintiff, | |
| vs. | **PLAINTIFF STARR-IVA'S BRIEF OPPOSING DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT** |
| City of Anderson, a Municipality, | |
| Defendant. | |

Plaintiff Starr-Iva Water and Sewer District ("Starr-Iva") respectfully submits this Brief Opposing Defendant City of Anderson's ("the City" or "Defendant") Renewed Motion for Summary Judgment.

## INTRODUCTION

Defendant asks this Court to deprive Starr-Iva of its opportunity to be heard based upon the doctrine of collateral estoppels, which plainly does not apply. No identity of the parties exists. No identify of subject matter exists. Starr-Iva has never litigated and lost such issues. No adjudication of Starr-Iva's claims occurred in a prior proceeding. As explained below, what the City urges would result in a deprivation of Starr-Iva's constitutionally protected due process rights. As a result, this Court should deny Defendant's Motion as improper.

## BACKGROUND

Starr-Iva adopts by reference its prior statement of facts from its previous responses to Defendant's serial filings. (Pl. Opp. (ECF ##51, 59, 67, & 94).)[1]

---

[1] Defendants purport to renew their prior Motions for Summary Judgment by reference. Starr-Iva objects to this practice as improper and asks the Court to summarily deny the same. However, to the extent the Court allows such practice, Starr-Iva would incorporate by reference

# ARGUMENT

The doctrine of *res judicata* precludes parties from relitigating certain claims or issues when they were already litigated in a prior lawsuit. *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n.1 (1984). Two types of *res judicata* exist: (1) claim preclusion; and (2) issue preclusion (also known as collateral estoppel). *Smith v. Bus. Dev. Corp.*, No. 0:10-255-JFA-JR, 2010 WL 3724736, at *4 (D.S.C. Aug. 24, 2010). Neither apply here.

Defendant primarily relies upon collateral estoppel to support its latest of a series of Summary Judgment filings. (*See* Def. Mot. (ECF #118-1), pp. 5-7.) To prove collateral estoppel, the City must show: (1) an identity of the parties; (2) an identity of the subject matter; and (3) an adjudication of the same issues in the former suit. *Smith*, 2010 WL 3724736, at *4 (citing *Riedman Corp. v. Greenville Steel Structures, Inc.,* 308 S.C. 467, 419 S.E.2d 217 (1992); *Sealy v. Dodge,* 289 S.C. 543, 347 S.E.2d 504 (1986)).[2] Failure to satisfy any of the three (3) criteria bars Defendant from invoking collateral estoppel. Here, the City satisfies none.

### A. As Starr-Iva Constitutes Neither an Unsuccessful Litigant Nor A Party in Privity With an Unsuccessful Litigant, the City Fails to Satisfy the First Criterion

The Parties from the first and second lawsuit do not need to be the same for collateral estoppel to apply. South Carolina law recognizes non-mutual collateral estoppel meaning the parties from the first and second lawsuit need not be identical. However, a litigant cannot invoke collateral estoppel against a party (such as Starr-Iva) who has not had "a full and fair opportunity to [] litigate the issues.'" *Id.* at *5. The doctrine can only apply to: (1) a party from a prior action who litigated and lost an issue necessary to that judgment ("Unsuccessful Litigant"); or (2)

---

all of its prior responses to any motions Defendant now purports to renew. (*See, e.g.,* ECF ##51, 59, 67, 94.)

[2] Starr-Iva agrees with the City that South Carolina governs how *res judicata* applies to the case at bar.

an individual in privity with an Unsuccessful Litigant. *Roberts v. Recovery Bureau, Inc.*, 316 S.C. 492, 495-96, 450 S.E.2d 616, 619 (Ct. App. 1994); *Richburg v. Baughman,* 290 S.C. 431, 351 S.E.2d 164 (1986).

Starr-Iva had no involvement in the *West Anderson* lawsuit. The City concedes this point, as it must. As a result, unless the Court finds Starr-Iva in privity with West Anderson, the City's assertion of collateral estoppel must fail.

To portray Starr-Iva as West Anderson's privy, the City commences its analysis by citing *Roberts v. Recovery Bureau, Inc.* (Def. Memo. (ECF No. 118-1), pp. 5-6 (Quoting: "'Privity' as used in the context of collateral estoppel, does not embrace relationships between persons or entities, but, rather deals with a person's relationship to the subject matter of the litigation.").) Starr-Iva agrees with the City; the holding of *Roberts* controls. However, the City lopped-off the most critical portion of the *Roberts* holding.

Beginning directly after where the City elected to stop quoting the decision, *see* Defendant's Memorandum, p. 6, the *Roberts* Court held:

> Privity [for purposes of collateral estoppel is not established from the mere fact that persons may happen to be interested in the same question or in proving or disproving the same state of facts or because the question litigated was one which might affect such other person's liability as a judicial precedent in a subsequent action. One whose interest is almost identical with that of a party, **but who does not claim through him, is not in privity with him**. Due process prohibits estopping some litigants who never had a chance to present their evidence and arguments on a claim, despite one or more existing adjudications of the identical issue which stand squarely against their position.

*Roberts*, 316 S.C. at 496, 450 S.E.2d at 619 (emphasis added). In this way, the passage Defendant omitted squarely belies what the City argues.[3]

---

[3] In *Roberts*, Defendant's truck hit a car carrying driver ("Driver") and passenger ("Passenger"). *Id.* at 494. Passenger and Driver retained the same lawyer and separately filed "virtually identical complaints." *Id.* at 495. The lawsuits involved the same car crash and identical liability issues. Passenger went to trial first and lost. *Id.* Defendant filed a summary judgment motion--just like

3

Here, Starr-Iva does not "claim through" West Anderson. Here, the two entities have no interconnecting relationship whatsoever. Here, both entities exist as separate and autonomous political subdivisions of the State of South Carolina, with non-overlapping, duly elected boards and distinct constituents. And, here, as discussed below, the legal rights and claims asserted by both entities—arise out of separate contract provisions with different terms and conditions. Starr-Iva is simply not West Anderson's privy.

To gloss such *prima facie* shortcomings, the City provides a hand-selected swirl of decisional sound bites without ever actually unpacking the underlying holdings. Upon closer review, however, the holdings all square with *Roberts* and unglue the City's argument. For example, Defendant cites *Carolina Renewal, Inc. v. SCDOT,* 385 S.C. 550, 684 S.E.2d 779 (Ct. App. 2009). *Carolina Renewal* involved two lawsuits: the first was filed by Carolina Renewal, Inc.'s ("CR") sole shareholder ("Owner") and the second was filed by CR itself. (*Id.*) Collateral estoppel barred the second lawsuit, since, in lawsuit one, Owner had already pursued and recovered damages for the same business losses pursued in lawsuit two. (*Id.*) Thus, in accord with *Roberts*, Owner's damage claims derived from those suffered by CR.[4]

---

the one presently pursued by the City--wherein it argued collateral estoppel barred Driver from pursuing his claims due to Passenger's previous loss at trial. *Id.* at 495. While the trial court agreed, the Court of Appeals reversed the holding. *Id.* Notwithstanding identical facts, identical issues, identical complaints, and the same lawyer, the *Roberts* Court held Driver was not in privity with Passenger and never had a full and fair opportunity to litigate Defendant's liability. *Id.* at 495. The rationale of *Roberts* applies here; the same result should obtain.

[4] Defendant also cites *Beall v. Doe*, 281 S.C. 363, 315 S.E.2d 186 (Ct. App. 1984). *Beall* involves actual parties, not privies. Two Plaintiffs filed separate lawsuits against Defendant Conerly and Defendant John Doe alleging negligence in a single car crash. (*Id.*) In lawsuit one, a judgment entered against Conerly finding he was the negligent driver. (*Id.*) In lawsuit two, Conerly denied he operated the vehicle. (*Id.*) In lawsuit two, collateral estoppel barred Conerly from denying he operated the vehicle. (*Id.*) *Beall* similarly supports Starr-Iva's position, not that of the City.

Defendant similarly relies upon *Weinberger v. Tucker*, 510 F.3d 486 (4th Cir. 2007). Although a Virginia case with no bearing on the matter at bar, *Weinberger* likewise confirms *Roberts*' holding requiring the assertion of derivative claims. Like *Carolina Renewal*, *Weinberger* involved the assertion of business-related damages in two successive lawsuits, the first by the company and the second by the controlling owner. Assertion of liability and damages claims in lawsuit one by company foreclosed the assertion of such claims in lawsuit two where the controlling shareholder sought to assert the same previously-sought damages derived from the business's losses.

Defendant likewise cites *Richburg v. Baughman*, 290 S.C. 431, 432, 351 S.E.2d 164, 165 (1986). (Def. Memo. (ECF #118-1), p. 5.) And, likewise, *Richburg*'s holding squarely refutes the City's arguments. The *Richburg* Court held:

> Some litigants-those who never appeared in a prior action-may not be collaterally estopped without litigating the issue. They never had a chance to present their evidence and arguments on the claim. Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position. Since the father was neither a party in the previous action nor in privity with such a party, the prior verdict refusing punitive damages is not applicable to the father... The respondent in this case had never gotten his day in court. The trial court was correct in denying appellant's motion for summary judgment.

*Id.* at 434-35, 351 S.E.2d at 166 (citations omitted) (emphasis added).[5] Thus, "Some litigants—[like Starr-Iva, who have] never appeared in a prior action—may not be collaterally estopped without litigating the issue." *Id.*[6]

---

[5] Following injuries sustained in a car crash by a young girl, both the girl and her father sued the same defendant separately seeking actual and punitive damages in both cases. Daughter's suit went to trial and a jury awarded only actual damages. *Id.* at 433. The trial court estopped Defendant from denying liability but did not estop father from pursuing punitive damages. *Id.* at 433. The South Carolina Supreme Court affirmed the lower court's reasoning, since Defendant had a prior chance to present his defenses and evidence where father had never litigated his claims. (*Id.*)

5

For these reasons, the City failed to satisfy the first criterion. Not one of the cases cited by Defendant supports what it urges the Court to do. Although the cases indicate to the contrary, and although the cases indicate the City's urged approach would violate due process, Defendant presses its collateral estoppel arguments nonetheless. This is because the City recognizes Starr-Iva's case as much stronger than that of *West Anderson*. The City fears that the Court's consideration of the merits may cause it to reach an opposite result of the *West Anderson* holding, which it should. Defendant's Motion should be denied.

### B. Contrary to Defendant's Assertions, Starr-Iva Has Not Had a Full and Fair Opportunity to Litigate Its Claims.

According to the City, Starr-Iva had a "full and fair opportunity to litigate the issues" at bar because "Starr-Iva was perfectly aware of the litigation in State Court and that the issues centered around the Court's interpretation of the exact same contract…" (Def. Memo., ECF No. 118-1 at 6.) In essence, the City contends Starr-Iva, in fact, had its "day in Court" and received its constitutionally protected due process because Plaintiff's lawyers went to the state court to watch the West Anderson trial one day. (*Id.* ("Starr-Iva's lawyers attended part of the West Anderson trial.") To state the obvious, Defendant's argument fails for no less than three (3) reasons.

**First,** citing Section 29 of the Restatement of Judgments, Defendant asserts Starr-Iva had a full and fair opportunity to litigate because it could have intervened into the West Anderson case. (Def. Memo. (ECF #118-1, p. 6) (citing Restatement (2d) of Judgments §29 (1982) ("Section 29") ("One factor to be consider in regard to whether there was a 'full and fair

---

[6] The City cites a few other cases with the same outcomes. For example, Defendant cites *Snavely v. AMISBU*, 379 S.C. 386, 665 S.E.2d 228 (Ct. App. 2008). (Def. Memo., ECF No. 118-1 at 6.) *Snavely* involved an estopped party (*i.e.,* Snavely) who actually litigated the issues subject to preclusion in a prior lawsuit.

6

opportunity to litigate the issues' is whether [t]he person seeking..to avoid unfavorable preclusion could have affected joinder.")[7]  As denoted by the word "joinder" as opposed to "intervention," Section 29 addresses whether a litigant could have joined a new adversary in a prior proceeding when assessing the availability of collateral estoppel to the new defendant.  That is to say, if a Plaintiff litigated an issue with Defendant #1 and lost to Defendant #1, when determining whether Defendant #2 can invoke claim preclusion against Plaintiff, Section 29 takes into account whether Plaintiff could have joined Defendant #2 in the original action.  (*See Id.*, Illustrations 1 & 2.)  If so, such fact militates in favor of claim preclusion.  Restatement (2d) of Judgments §29 (1982).

Conversely, if a non-party could have joined as a co-Plaintiff in a lawsuit against a Defendant, but did not, the non-party's failure to join the first lawsuit militates as a factor against allowing the non-party to **invoke** offensive claim preclusion in a later lawsuit brought against Defendant.  (*See, e.g., Id.*, comment (e).)[8]  But, nowhere does the Restatement allow what the City presently urges—the application of non-mutual offensive collateral estoppel against Starr-Iva—arising out of the West Anderson case in which it was not a party.  Not only is this not the law, as noted *supra,* what the City advocates violates constitutionally secured due process rights.  *Roberts v. Recovery Bureau*, 316 S.C. 492, 496 (Ct. App. 1994)  ("Due process prohibits estopping some litigants who never had a chance to present their evidence and arguments on a

---

[7] Comment (a) to Section 29 confirms Defendant misapprehends the section.  Comment (a) indicates the section only precludes "relitigation of issues that the party would have been precluded from relitigating with his original adversary."  The section relates to issues a party previously and actually litigated.  Starr-Iva has had no such opportunity.

[8] Starr-Iva believes this is where the City becomes confused.  The principles it cites can apply to previous non-parties but only in considering whether to allow them to invoke collateral estoppel offensively against a prior litigant.  They do not suggest a party who has never had a day in court can lose it because he could have, but did not, intervene in a pending case.

claim, despite one or more existing adjudications of the identical issue which stand squarely against their position.")[9]

**Second**, the City's argument places its procedural shoes on the wrong feet. If Defendant intended for the West Anderson litigation to bind Plaintiff, then the City had an obligation to join Starr-Iva as a compulsory party pursuant to Rule 19(b), SCRCP or plead why it could not join Plaintiff. *Compare* Rule 19(b) *with* 19(c), SCRCP. Yet, the City did neither.

As a result, the *West Anderson* judgment cannot now bind Starr-Iva. *See, e.g.,* 7 C. Wright & A. Miller, *Federal Practice & Procedure*: Civil 3d § 1611 (2001) (Unjoined, indispensable party's "rights...remain unimpaired" by underlying judgment.) Ironically, Defendant's insistence on such position may altogether render the *West Anderson* holding jurisdictionally infirm.[10] *Coughlin v. Ryder*, 341 F.2d 291 (3d Cir. 1965) ("The court below was without jurisdiction to entertain the action because of the failure to join indispensable parties..."); *Agrashell, Inc. v. Hammons Prods. Co.*, 352 F.2d 443, 447 (8th Cir. Mo. 1965) ("A court, when it finds it lacks jurisdiction for want of an indispensable party, may under appropriate circumstances grant leave to amend and bring in the indispensable party.")

---

[9] Of note, the plaintiffs in both *Richburg* and *Roberts* also could have intervened in the earlier litigation and declined to do so. Despite the possibility of intervention in both cases, each court found that there was no privity between the plaintiffs. But, this should come as no surprise. The Restatement provision relied upon by Defendant concerns whether a litigant could have "joined", *see* Rules 19 & 20, FRCP, not whether a non-party could have "intervened." *See* Rule 24, FRCP.

[10] *See Clarkson Co. v. Shaheen*, 544 F.2d 624, 628 (2d Cir. 1976) ("A related point, which in a sense goes to jurisdiction, involves this court's equitable responsibility, under Fed.R. Civ.P. 19, to dismiss a suit when the absence of an indispensable party makes impossible a just resolution of the entire action."); *Davis v. Tennessee Valley Authority*, 214 F. Supp. 229, 231 (N.D. Ala. 1962) ("Treating the defendant's motion for summary judgment on ground of plaintiff's failure to join the member of the Civil Service Commission as indispensable parties as a motion to dismiss, therefore, the plaintiff's complaint should be dismissed for lack of jurisdiction.")

**Third**, even if the City's position otherwise proved legally correct, which it is not, it still fails factually. Starr-Iva did not have an opportunity to join the *West Anderson* litigation. Nor was it so required. As the City knows, Starr-Iva and West Anderson filed their respective Complaints on the exact same day. Thus, Starr-Iva could not intervene in the *West Anderson* litigation only to re-assert the exact claims already pending in this Court. Indeed, Rule 12(b)(8), SCRCP expressly forecloses such possibility. (*Id.* (disallowing "another action…pending between the same parties for the same claim.") The City's argument in this regard wholly lacks merit.[11]

The City's bases its argument that the Court should deem Starr-Iva as having its day in Court on a flawed legal premise. From that errant premise, the City has stacked an entire syllogism of errant logic. The Court needs to reject Defendant's flawed reasoning. To rule otherwise unconstitutionally deprives Starr-Iva of its due process rights.

### C. The City Cannot Satisfy the Second Criterion: the Subject Matter and Issues in Both Cases Differ.

The City cannot invoke collateral estoppel in this case since no identity of subject matter exists. *Smith v. Bus. Dev. Corp.*, No. 0:10-255-JFA-JR, 2010 WL 3724736, at *4 (D.S.C. Aug. 24, 2010) (citing *Riedman Corp. v. Greenville Steel Structures, Inc.,* 308 S.C. 467, 419 S.E.2d

---

[11] Jumbling the issues in an effort to gloss its inability to satisfy the required criteria, the City suggests an identity of subject matter existed and, as a result, Defendant satisfies the privity criterion. Defendant's argument is upside down. First, the two criteria present distinct issues. Otherwise, there would only be one criterion. Second, as explained below, no identity of subject matter exists in the two lawsuits. Third, even if the subject matter proved the same, which it does not, South Carolina law still would not allow the imposition of collateral estoppel. Even where the plaintiffs' interests and the subject matter are "almost identical," privity does not exist where the plaintiff in the subsequent action is not claiming its interest *through the plaintiff* in the previous action. *See Baughman*, 290 S.C. at 434-35, 351 S.E.2d at 166; *Roberts*, 316 S.C. 492, 496, 450 S.E.2d 616, 619 (Ct. App. 1994). Such holdings highlight the City's category error in this regard since, if Defendant's analysis proved true, identical issues should support privity. But, they do not. *Id.* And, Defendant's analysis fails.

217 (1992); *Sealy v. Dodge,* 289 S.C. 543, 347 S.E.2d 504 (1986)).  By definition, Starr-Iva's legal rights under the subject contract prove distinct from those of *West Anderson*.  If a breach of contract occurred, for example, Starr-Iva would have a separate right to recover from that of *West Anderson*.  Moreover, the alleged breaches or delicts, in the respective cases also necessarily differ.  Starr-Iva's alleged wrongs relate to the invasion of its territory and the breach of its contractual provisions.  West Anderson's related to its territory and its contractual provisions.

Where, as here, the rights, duties, and wrongs alleged differ from one case to another, no identity of subject matter exists.  *Id.*  In addition, "[t]he party asserting collateral estoppel must demonstrate that the issue in the present lawsuit was (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment."  *Id.* (citing *Beall v. Doe*, 281 S.C. 363, 369, n.1, 315 S.E.2d 189–190, n.1 (Ct. App. 1984)).

No identity of subject matter exists in this case for no less than three (3) reasons.  They include:

**First**, the most pivotal distinction between the two cases relates to the language differences in the subject contract.  Starr-Iva's claims concerning lost service to BASF (or First Quality) presents a significant issue the Court did not have to answer in *West Anderson*, namely, if the parties did not intend to restrict the City's ability to serve the specified customer—then why does the contract use language specifically referencing customers and not sites?

And, how does the *West Anderson* interpretation not impermissibly read the following language out of the agreement: "such consent is strictly limited to the provision of service to these named industrial customers and no further provision of service by the City of Anderson shall be made."? *See Gary v. Askew,* No. 2013-002674, 2016 WL 3079038, at *9 (Ct. App. June

10

1, 2016), reh'g denied (Aug. 17, 2016)("It is fundamental that in the construction of the language of a [contract], it is proper to read together the different provisions therein dealing with the same subject matter, and where possible, all the language used should be given a reasonable meaning.") (quoting *Ecclesiastes Prod. Ministries v. Outparcel Assocs., LLC*, 374 S.C. 483, 498–99, 649 S.E.2d 494, 502 (Ct. App. 2007)) (emphasis added); *see also Bluffton Towne Ctr., LLC v. Gilleland-Prince*, 412 S.C. 554, 569, 772 S.E.2d 882, 890 (Ct. App. 2015); *Highlands Prop. Owners Ass'n, Inc. v. Shumaker Land, LLC*, 397 S.C. 432, 438, 724 S.E.2d 685, 688 (Ct. App. 2012); *Brady v. Brady*, 222 S.C. 242, 246, 72 S.E.2d 193, 195 (1952). Of course, in *West Anderson*, Michelin still occupied the site, so this issue never directly arose. However, in this case, BASF has long since left the site in question.[12]

The site clearly falls within Starr-Iva's chartered territory. This is further evidenced by the fact that the City required Starr-Iva's "consent" to serve, as reflected by the contract. One of the primary questions presented by this case is the temporal duration of Starr-Iva's "consent." To serve within Starr-Iva's territory, the City required Starr-Iva's consent to serve BASF. *See* S.C. Code §5-7-60. Because the statute contemplates individualize contracts, consents granted under the statute among governmental providers routinely issue in the exact form they appear here— "consent is strictly limited to the provision" of services to "these industries." (*See* 2002 Agreement.)

In the *West Anderson* case, the trial court and, later, the Court of Appeals did not have to reach such issues. If they had, the outcome very well could have differed. Of course, the City recognizes the same. This is why the City inexplicably presses the collateral estoppel issues, even though the doctrine plainly does not apply.

---

[12] Of particular note is the Court of Appeals' efforts to italicize the "industrial facilities of Michelin" in its decision.

**Second**, by operation of its *res judicata* arguments, the City now finds itself within an inescapable-summary-judgment-logic box. The City, not Starr-Iva, litigated the *West Anderson* case. In the *West Anderson* case, the City contended the subject contract contained clear and unambiguous terms. The City lost this issue and the doctrine of collateral estoppel bars Defendant from now arguing to the contrary.

In turn, a finding of ambiguity--by necessity--creates fact issues defeating summary judgment. *Watson v. Underwood*, 407 S.C. 443, 455, 756 S.E.2d 155, 161 (Ct. App. 2014) ("Determining what the parties intended becomes a question [for trial] only when the contract is ambiguous. *Id.*"); *Plantation A.D., LLC v. Gerald Builders of Conway, Inc*., 386 S.C. 198, 205, 687 S.E.2d 714, 718 (Ct. App. 2009)("Construction of an ambiguous contract is a question of fact."); *HK New Plan Exch. Prop. Owner I, LLC v. Coker*, 375 S.C. 18, 23, 649 S.E.2d 181, 184 (Ct. App. 2007) ("Where a contract is unclear, or is ambiguous and capable of more than one construction, the parties' intentions are matters of fact" for trial.); *Garrett v. Pilot Life Ins. Co.*, 241 S.C. 299, 305, 128 S.E.2d 171, 174 (1962) ("As a general rule, contracts are to be construed by the court; but where a contract is not clear, or is ambiguous and capable of one or more constructions, what the parties really intended, as a matter of fact, should be submitted to" the fact finder.); *Garrett v. Pilot Life Ins. Co*., 241 S.C. 299, 305, 128 S.E.2d 171, 174 (1962) (citations omitted) ("Where there is ambiguity, uncertainty or doubt as to proper construction of the contract, intention of the parties becomes a question of fact for the jury to determine and for their aid resort will be had to extrinsic evidence to show the conditions surrounding the parties, the circumstances under which the contract was executed, as well as the negotiations between the parties leading up to the execution thereof."); *Ecclesiastes Prod. Ministries v. Outparcel Associates*, LLC, 374 S.C. 483, 500, 649 S.E.2d 494, 503 (Ct. App. 2007) (citations omitted)

("Whether a contract's language is ambiguous is a question of law. Once the court decides the language is ambiguous, evidence may be admitted to show the intent of the parties. The determination of the parties' intent is then a question of fact for the jury to determine.")  And, this is particularly true where, as here, the Court has previously denied Defendant's earlier Summary Judgment bids finding, by implication, issues of fact existed.[13]

Collateral estoppel also proves the City's argument as incorrect.  If, when presented, the Court rejects Starr-Iva's arguments as to why the subject contract unambiguously inures to its favor, then, both parties will have to present parol evidence demonstrating the disputed clause's meaning.  All such issues and all such evidence necessarily proves different than what the Parties litigated in *West Anderson.*

**Third**, a number of other differences in the two cases abound.  As noted, this case involves different particular language in the 2002 Agreement.  There is no reference pertaining to Starr Iva that relates to "the industrial facilities of Michelin" which drove the prior litigation. This case involves a whole set of facts not previously litigated: a new named customer with entirely new industries and facilities (First Quality) located on the real property previously owned by the named industry, BASF.  Even if the contractual language were the same, which it is not, the *West Anderson* result at best informs the Court of a possible result on the latter question.  It deals not at all with the factual question of Starr-Iva's existing water service to First Quality, a customer located in its service area.  It also does not examine the impact of the 2006 re-stated consent to service between the parties.   Thus, the subject matter of the two suits intersects in limited aspects, but is far from identical.

---

[13] Conversely, however, Starr-Iva has not previously litigated its contract positions. Thus, unlike the City, Starr-Iva can still present its very sound and reasonable approaches to reconciling the contract language.

13

Because the subject matter and issues are different in this case, Starr-Iva did not have a "full and fair opportunity to previously litigate the issues" and never had a chance to present its evidence and arguments. *See Snavely v. AMISUB of South Carolina, Inc.,* 379 S.C. 386, 398, 665 S.E.2d 222, 228 (Ct. App. 2008); *Recovery Bureau*, 316 S.C. at 495-96, 450 S.E.2d at 619 (citing *Richburg*, 351 S.E.2d at 166). Defendant has failed to demonstrate that the subject matter in the present litigation is the same as that decided in a prior adjudication. Accordingly, it cannot satisfy multiple required elements of collateral estoppel, and its Motion for Summary Judgment should be denied.

### D. Starr-Iva Has Removed the Allegations Concerning Owens Corning and *Beaufort-Jasper* From Its Complaint

On pages 10 and 11 of the City's Brief, Defendant addresses previous allegations in Starr-Iva's Complaint about claims asserted pursuant to the holding of: *City of Beaufort v. Beaufort-Jasper Cty. Water & Sewer Auth.,* 325 S.C. 174, 480 S.E.2d 728 (1997). Plaintiff no longer pursues those claims, as reflected by its Amended Complaint. Starr-Iva also no longer pursues the claims pertaining to the Owens Corning site.

### E. Defendant's Arguments Concerning Plaintiff's Section 1926(b) Claim Similarly Lack Merit.

Defendant's arguments seeking dismissal of Plaintiff's Section 1926(b) claim equate to the tail wagging the dog. Essentially, Defendant claims entitlement to dismissal because Starr-Iva has no right to serve the disputed area. In short, the City declares victory and demands the claim's dismissal. But, in the words of Lee Corso: "Not so fast."

Defendant bottoms its analysis demanding the Section 1926(b) claim's dismissal upon the *res judicata*/collateral estoppel analysis discussed above. As noted *supra*, however, collateral estoppel plainly does not apply. The City merely posits the same to pursue one last ditch effort

14

to avoid the merits of Starr-Iva's case.  Moreover, and as also noted above, collateral estoppel actually forecloses summary judgment in this case in Defendant's favor.  Issues concerning authorization to serve the disputed areas hinge upon interpretation of the 2002 Agreement.  And, as noted above, the City is estopped from denying the contract's ambiguity, as it previously litigated and lost that issue.  Accordingly, the City's Motion for Summary Judgment as Starr-Iva's Section 1926(b) Claim must also be denied.

## **CONCLUSION**

For the reasons set forth above, the Defendant's Renewed Motion for Summary Judgment should be denied.  Incapable of satisfying any of its elements, Defendant nonetheless invokes the doctrine of collateral estoppel in hopes of avoiding a trial on the merits of this case.  Left to its devices, the City of Anderson would have this Court summarily adjudge Starr-Iva's legal rights without affording Plaintiff a chance to be heard or present its case.

The City has satisfied none of what it needs to show to invoke such an affirmative defense.  And, applying collateral estoppel to grant Defendant's Motion would result in a grossly inequitable result.  Conversely, collateral estoppel's correct application to this case actually bars the issuance of summary judgment.  For these reasons, Starr-Iva Water and Sewer District respectfully asks the Court to afford it an opportunity to be heard, deny Defendant's Motion, and slate a date for trial.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/Lane W. Davis
    Rivers S. Stilwell
    Federal Bar No. 6271
    E-Mail: rivers.stilwell@nelsonmullins.com
    Lane W. Davis
    Federal Bar No. 7739
    E-Mail: lane.davis@nelsonmullins.com
    Sarah R. Anderson
    Federal Bar No. 11405
    E-Mail: sarah.anderson@nelsonmullins.com
    104 South Main Street / Ninth Floor
    Post Office Box 10084 (29603-0084)
    Greenville, SC  29601
    (864) 250-2300

-and-

    William Norman Epps, Jr
    Federal Bar No. 728
    Epps Nelson and Epps
    Post Office Box 2167
    Anderson, SC 29622
    (864) 224-2111

*Attorneys for Plaintiff Starr-Iva Water and Sewer District*

Greenville, South Carolina

September 2, 2016