IN THE UNITED STATES DISTRICT COURT
FOR THE DIVISION OF SOUTH CAROLINA
ANDERSON DIVISION
C.A. No.: 8:12cv2365-TMC

| | |
|---|---|
| Starr-Iva Water and Sewer District,  ) | |
|                                     )  | |
|     Plaintiff,           )  | DEFENDANT'S REPLY TO |
|                                     )  | PLAINTIFF'S BRIEF OPPOSING |
| v.                                  )  | DEFENDANT'S RENEWED |
|                                     )  | MOTIONS FOR SUMMARY JUDGMENT |
| City of Anderson, a Municipality,   )  | |
|                                     )  | |
|     Defendant,           )  | |
| _____  )  | |

Defendant City of Anderson ("City") submits the following in reply to Plaintiff's Brief in Opposition to its Renewed Motion for Summary Judgment:

### I. **Collateral Estoppel entitles the City to Summary Judgment.**

As fully briefed in its previous Memoranda, including ECF 89-1, 100, and 118-1, the terms of the same Agreement involved herein have been interpreted by the State courts in the *West Anderson* case. The West Anderson and Starr-Iva Water Districts stand in the same position regarding the terms of the Agreement and the applicability of the Territorial Map ("Exhibit D"). They were participants in the same negotiation process and were included in the same contractual provisions. The State Court's findings that the Territorial Map ("Exhibit D") establishes the service areas necessarily apply equally to the BASF/First Quality site involved herein.

### II. **The *West Anderson* decision supports City's Motion for Summary Judgment.**

Even if collateral estoppel does not apply, the City is entitled to summary judgment, as argued in its previous Motion for Summary Judgment (ECF 50), which was filed on July

1

10, 2013 and denied by the Court by Minute Entry (ECF 71) on January 9, 2014.[1] The renewal of the original motion is based on, and justified by, the recent decision of the S.C. Court of Appeals in *West Anderson Water District v. City of Anderson*, CA No. 2012-CP-04-2770, Op. No. 5413 (June 15, 2016).[2]

The exact same contract (the 2002 Agreement) was/is involved here as in the *West Anderson* case. The S.C. Court of Appeals found the Agreement to be ambiguous, and the City is no longer arguing otherwise. However, the S.C. Court of Appeals' decision regarding the Agreement clearly supports the City's interpretation of the Agreement's relevant provisions and entitles the City to summary judgment.

Starr-Iva attempts to argue that the findings and rationale of the *West Anderson* case do not apply herein because the BASF site is now occupied by a different industry (First Quality) whereas the same industry (Michelin) still occupied the site in the *West Anderson* case. However, the State Court specifically addressed, and rejected this argument. As stated by the Court of Appeals: West Anderson Water District "argues the [Agreement] allows the City to provide service to only those customers existing when the agreement was executed and Michelin's second facility, a new 'customer,' did not exist when the agreement was executed." The Court of Appeals disagreed with West Anderson, finding that "the evidence

---

[1] The Motion was supported by the following filed Memoranda: ECF 50-1, 52, 57, and 70.

[2] Parties may make a later motion for summary judgment based on matters not involved in the decision on the first motion. *Williamsburg Rural Water and Sewer Company, Inc. v. Williamsburg County Water and Sewer Authority*, 593 S.E.2d 154, 161 (S.C. App. 2003) There is no merit in the contention that summary judgment is improper because an earlier motion for summary judgment which raised the same issues has been denied. *Brown v. Pearson*, 483 S.E.2d 477, 481 (S.C. App. 1997). A defendant can bring a subsequent summary judgment motion after his first motion has been denied. *Blyth v. Marcus*, 517 S.E.2d 433, 434 (S.C. 1999) That a different trial judge previously denied a motion for summary judgment does not preclude a party from renewing its motion once new evidence comes to light. *Dorrell v. South Carolina Department of Transportation*, 605 S.E.2d 12, 18 (S.C. 2004).

supports the circuit court's conclusion that the parties intended to authorize the City to provide water service to **the entire Michelin site**." (Emphasis added.)

A close reading of the Court's decision shows that its ruling was NOT based on (or limited to) the entity then occupying the site (in that case, Michelin) but rather on the geographical area as shown by Territorial Map ("Exhibit D). In fact, the Court specifically stated that there are two possible interpretations of the Agreement: (1) that West Anderson's consent was limited to the named customer, Michelin; or (2) that West Anderson's consent covered water service to ANY CUSTOMER occupying the Michelin site during the contract's term. The Court found that the evidence supported the latter interpretation. Therefore, the fact that the BASF site is now occupied by another entity, First Quality, is immaterial and does not change the fact that the evidence here, as in the *West Anderson* case, supports a finding that the Agreement allowed the City to provide water service to the disputed sites for the term of the Agreement, regardless of the industry thereon.

The "evidence" relied upon by the *West Anderson* Court was: (1) the color-coded Territorial Map ("Exhibit D"); (2) the testimony of the Joint System's Co-Project manager that the map accurately portrayed the service areas each member intended to serve; and (3) the testimony of West Anderson's General Manager that the territorial map showed the City's service area. The Court found that this "evidence supports the circuit court's finding that the Water Sale and Purchase Agreement allows the City to provide water service to the entire Michelin site." The same evidence exists in this case, including the same Agreement, the same color-coded map ("Exhibit D"), and the testimony of the same Joint System Co-Project Manager, William McCoy.

3

In addition, Starr-Iva's General Manager, Chairman of the Board of Directors, and System Engineer all testified much the same as West Anderson's General Manager: that the color-coded map ("Exhibit D") showed the disputed BASF and Owens-Corning properties as being part of the City's service area. (See Defendant's Supplemental Memorandum in Support of Motion to Dismiss and/or for Summary Judgment, ECF 57.) Even further support for the City's position is that Starr-Iva's own System Engineer, Troy Rosier, testified that HE prepared the color-coded map ("Exhibit D"), "assumed" that it would be included in the 2002 Agreement, and "cut" the disputed BASF and Owens-Corning sites out of Starr-Iva's service area because that is what William McCoy and Starr-Iva's General Manager told him to do. (See Defendant's Supplemental Memorandum in Support of Motion to Dismiss and/or for Summary Judgment, ECF 57.)

The evidence presented herein, when compared to the evidence and facts presented in the *West Anderson* case, supports the City's interpretation of the Agreement and entitles the City to summary judgment.

### III. **Plaintiff has withdrawn its arguments that the Agreement impermissibly bound its successor boards and substantially compromised its central primary function.**

In Argument III of its Memorandum in Support of Renewed Motions for Summary Judgment (ECF 118-1), the City addresses Starr-Iva's previous argument that the Agreement impermissibly bound its successor boards and substantially compromised its central primary function and its reliance on the cases of *City of Beaufort v. Beaufort-Jasper Cty. Water & Sewer Auth.*, 325 S.C. 174, 480 S.E.2d 728 (1997) and *Cunningham v. Anderson County*, 402 S.C. 434, 741 S.E.2d 545 (Ct.App.2013). As it appears that the Plaintiff has now withdrawn these allegations and arguments, the City will not address them further.

4

### IV. The City is entitled to summary judgment as to the Plaintiff's Federal Claims.

The City has previously briefed its argument regarding the viability of the Plaintiff's federal claim under §1926(b). Bottom line is that Plaintiff must prove that it has the legal right under state law to serve the disputed area and that the disputed area is within its geographical boundary. However, based on the terms of the Agreement, as interpreted and upheld by the S.C. Court of Appeals in the *West Anderson* case, the Plaintiff contracted with the City for the City to service certain areas, including the BASF site, for a specified term. In addition, the Territorial Map ("Exhibit D") established the areas to be served by each entity to the Agreement, and established the BASF site as part of the City's service area. Because the Plaintiff cannot prove that the disputed BASF site is within its service area (territorial boundary) or that it has the legal right under state law to serve the disputed area, it cannot meet the requirements for its federal claim and the City is entitled to summary judgment thereon.

### CONCLUSION

For all the foregoing reasons, the City respectfully submits that this Court should grant its Motion(s) for Summary Judgment as to each of the Plaintiff's causes of action based on the absence of a genuine issue of material fact and/or based on collateral estoppel.

Respectfully submitted,

LOGAN, JOLLY & SMITH, LLP

s/James W. Logan, Jr.
James W. Logan, Jr. (Fed ID #:  2712)
James D. Jolly, Jr. (Fed ID #:  1410)

5

P.O. Box 259
Anderson, SC  29622
1805 North Boulevard
Anderson, SC  29621
logan@loganjollysmith.com
jolly@loganjollysmith.com
(864) 226-1910
(864) 226-1931 (fax)


Frank H. Gibbes, III (Fed ID #:  2084)
Gibbes Burton, LLC
308 East St. John Street
Spartanburg, SC  29302
fgibbes@gibbesburton.com
(864) 327-5000
(864) 327-5001 (fax)

ATTORNEYS FOR THE DEFENDANT

6